**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ERIC WILSON,** ) | **CASE NO. 1:20 CV 607** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **OHIO DEPT. OF REHABILITATION** ) | **AND ORDER** |
| **AND CORRECTION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Eric Wilson filed this action against the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Director Gary Mohr, Mansfield Correctional Institution ("MANCI") Warden Ed Sheldon, MANCI Institutional Inspector Lisa Booth, MANCI Business Office Employee Catrina Tanner, MANCI Rules Infraction Board ("RIB") Chairman Lieutenant Coffee, MANCI Unit Manager Jane Doe, MANCI Unit Manager Michael, MANCI Case Manager Reader, MANCI Sergeant Doad, MANCI Corrections Officer A. Larsen, MANCI Captain Reese and MANCI Lieutenant Stuff.  In the Complaint (Doc. # 1), Plaintiff indicates he was unfairly placed on grievance restriction, charged with a conduct infraction and transferred to another institution.  He seeks monetary damages.

## I. BACKGROUND

Plaintiff alleges that in August 2018, MANCI Institutional Inspector Lisa Booth and the ODRC Chief Inspector imposed a grievance restriction on Plaintiff.  He also received a conduct

report written by Catrina Tanner stating that he continued to file grievances against Corrections Officer A. Larsen after the first grievance was addressed. Tanner stated that she spoke to Larsen about her interaction with inmates and considered the matter resolved. Plaintiff disagreed and continued to file grievances against Larsen demanding that she be formally disciplined. Tanner contended that the frequency and tone of the grievances suggested they were filed solely to harass Larsen. The conduct report charged him with use of the telephone or mail to threaten, harass, or annoy another.

Over Plaintiff's objection that the conduct rule did not apply to grievances, the charges were referred to the RIB. Plaintiff was found guilty and was sanctioned with loss of privileges, and placement in segregation pending his transfer to another correctional institution. Plaintiff appealed that decision to Warden Sheldon who overturned the finding of guilt. Plaintiff nevertheless spent three days in segregation under in cell he described as unsanitary before he was transferred to the Warren Correctional Institution. He states he previously had been transferred out of that prison due to an incident that occurred there.

Plaintiff asserts two claims for relief. First he states, without explanation, that the Defendants deprived him of rights, privileges and immunities. Second, he claims the Defendants abused and harassed him or allowed others under their supervision to abuse or harass him. He seeks monetary damages.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

In his first claim, Plaintiff asserts that the Defendants deprived him of rights, privileges and immunities guaranteed by the constitution. He does not elaborate on which rights he believes the Defendants violated. To meet basic notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon

which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's vague statement that his rights were violated does not adequately identify a legal claim Plaintiff intends to pursue.

In his second claim, Plaintiff alleges the Defendants harassed him or allowed others they supervise to harass him. It is possible Plaintiff may be attempting to assert this claim under the Eighth Amendment.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Again, Plaintiff's claim of harassment is vague. General harassment and offensive

comments do not satisfy the objective standard to state an Eighth Amendment claim. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Placement in segregation, however, is a routine discomfort of prison life and not itself cruel and unusual punishment. *Hudson*, 503 U.S. at 9; *Rhodes*, 452 U.S. at 347. Even the conditions found in segregation do rise to the level of an Eighth Amendment violation. Plaintiff was placed in segregation for three days. During those three days, water backed up from the shower and spilled onto the floor. Plaintiff contends it was a mixture of sewage and shower water. He states he could not take a shower. Eventually a plumber was called to snake out the pipe and unclog the drain. Given the short period of time that Plaintiff was held in the cell, those conditions did not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. Even Plaintiff's assertion that he was transferred to another prison from which he had been moved previous due to an incident does not state a sufficiently serious condition. He does not provide any factual information concerning the incident in the Warren Correctional Institution. None of the allegations in the Complaint suggest this placement poses a sufficiently serious threat to his health or safety.

Furthermore, Plaintiff does not assert this claim against any Defendant in particular. The subjective component of an Eighth Amendment claim requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

-5-

must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837). Plaintiff's Complaint does not allege facts that suggest any particular Defendant acted with this state of mind.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

   s/*Dan Aaron Polster*    August 10, 2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.